**IN THE COURT OF APPEALS OF IOWA**

No. 16-1143
Filed August 31, 2016

**IN THE INTEREST OF D.J. and D.J.,**
**Minor Children,**

**K.B., Mother,**
　　Appellant,

**C.J., Father,**
　　Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A mother and father appeal separately from the order terminating their parental rights. **AFFIRMED ON BOTH APPEALS.**

Esther J. Dean, Muscatine, for appellant mother.

Don W. Schroeder of Schroeder Law Firm, P.L.C., West Liberty, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, for appellee State.

Christine E. Boyer, Iowa City, for minor children.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

A mother and father separately appeal the order terminating their parental rights. We find there is sufficient evidence to support the terminations. We also find termination is in the best interests of the children and no exception to termination is appropriate. We affirm the decision of the juvenile court on both appeals.

## I.    Background Facts & Proceedings

D.J. and D.J., born in 2007, are twins and the children of mother K.B. and father C.J. While living with their father, the children came to the attention of the Iowa Department of Human Services (DHS) in April 2013 due to lack of supervision, and voluntary services began. A fire destroyed the father's home, and the children were moved to their mother's care in August. There were concerns regarding drug use with both parents.

In November, the children, along with two half-siblings, were adjudicated to be in need of assistance, pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2013).[1] The children were removed from the mother's care the next day. Their father was in jail at the time, and the children were placed with relatives. In January 2014, the children were placed with their father. The father's significant history of substance abuse warranted consistent and careful monitoring by DHS to prevent harm to the children.

---

[1] The basis for the adjudication was failure to provide appropriate supervision by the children's mother as well as evidence of domestic abuse between the mother and her boyfriend and previously between the mother and the children's father.

Between the January 2014 hearing and the first termination hearing held in February 2016,[2] both parents had been incarcerated for substantial periods of time, relapsed on using methamphetamine, had multiple warrants for their arrest, and missed hearings related to the children. In addition to the parents, the children were placed with a series of relatives and finally a foster family. After receiving methamphetamine from the children's father, the mother tested positive in October 2015. The mother also tested positive for amphetamine and methamphetamine as recently as March 2016, during the series of termination hearings. Concerning his own drug use, the father testified he could not remember large parts of 2015 due to being heavily intoxicated on methamphetamine, including times he visited the children.

The juvenile court entered an order on June 23, 2016, terminating the mother's parental rights pursuant to section 232.116(1)(f), (g), (*l*) (2015). The father's parental rights were terminated pursuant to section 232.116(1)(e), (f), (*l*). The mother and father appeal the termination of their parental rights separately.

## II.     Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount

---

[2] The termination hearing was held over several days in order to allow both parents to present additional evidence and for the results of a home study. The dates of the hearings were February 10 and 11, March 17, and April 11, 2016.

concern in termination proceedings is the best interests of the children. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

### III. Sufficiency of the Evidence

Both the mother and father claim there is insufficient evidence in the record to support termination of their parental rights. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015).

Both parents contest only the fourth requirement of section 232.116(1)(f): the children cannot be returned to the parents' custody as provided in section 232.102. A child may be removed from their home under section 232.102(5)(a)(2) if "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." Here, the children were originally adjudicated to be in need of assistance due to lack of supervision caused by their parents' use of methamphetamine and other controlled substances. The mother continued to struggle with issues of substance abuse up to and including the time of the termination hearings. We agree with the juvenile court the father's history "demonstrates that the only time he is able to maintain sobriety is when he is in custody." Therefore, we conclude there is clear and convincing evidence to show the children could not safely be returned to either parent. The juvenile court properly terminated the mother's and father's parental rights under section 232.116(1)(f).

## IV. Exceptions

The parents claim the juvenile court should not have terminated their parental rights and instead should have placed the children with a relative. The juvenile court entered an order on June 24, 2016, in which it "rejected [potential relative placements] as not in the best interest of the children." While some relatives were willing to take the children, in the past, these placements had been terminated early or been refused. We determine the juvenile court properly found placement with a relative was not in the best interests of the children.

The father additionally claims termination is not in the children's best interests based on the closeness of the parent-child bond found in section 232.116(3)(c). The record does show the children are closely bonded with the father. However, the record does not provide clear and convincing evidence that termination would be detrimental to the children. On the contrary, the record shows terminating parental rights will begin to provide stability and normalcy in the children's lives. We find the juvenile court properly refused to apply this exception.

Finally, the mother claims an extension of time should have been granted to allow her to work toward reunification. We find the children have not had a stable living situation since at least November 2013. We will not ask these children to continue to wait for a biological parent to be stable enough to care for them, especially when the children are of tender age. *See D.W.*, 791 N.W.2d at 707.

We affirm the decision of the juvenile court.

**AFFIRMED ON BOTH APPEALS.**